OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



July 10, 2000

The Honorable Tom O'Connell
Collin County Criminal District Attorney
210 South McDonald, Suite 324
McKinney, Texas 75069

Opinion No. JC-0249

Re: Whether a county court at law judge who seeks the nomination of the executive committee of a political party to be the party's general election candidate for a new office automatically resigns from office by operation of article XVI, section 65 of the Texas Constitution (RQ-0195-JC)

Dear Mr. O'Connell:

You ask whether a county court at law judge who seeks the nomination of the executive committee of a political party to be the party's general election candidate for a new office automatically resigns from office by operation of article XVI, section 65 of the Texas Constitution. We conclude that a person who merely seeks a political party's executive committee's nomination to be the party's candidate in a general election does not announce his or her candidacy or become a candidate in fact in a general, special, or primary election within the meaning of article XVI, section 65 and therefore does not trigger the constitutional provision's automatic resignation provision.

You submit your query on behalf of a county court at law judge who wishes to seek his political party's executive committee nomination to be the party's general election candidate for the vacancy in the office of judge of a newly created district court. *See* Letter from Honorable Tom O'Connell, Collin County Criminal District Attorney, to Honorable John Cornyn, Texas Attorney General (Feb. 16, 2000) (on file with Opinion Committee) [hereinafter "Request Letter"]. Chapter 202 of the Election Code provides for filling vacancies in state or county elective offices and also applies to an election for the first full term of a newly created office. *See* TEX. ELEC. CODE ANN. § 202.003 (Vernon Supp. 2000). In certain situations, a political party's nominee to fill a vacancy or a new office must be nominated by the political party's executive committee, rather than by primary election or at a party convention. *See id.* §§ 202.004-.006. To be nominated by a party's executive committee, a person must receive a favorable vote of the majority of the committee members present. *See id.* § 202.006; *see also id.* § 145.036(d). You ask if seeking a political party's executive committee's nomination to be the party's candidate for a new office in a general election constitutes an automatic resignation under article XVI, section 65 of the Texas Constitution.

Article XVI, section 65 provides that certain elected district, county, and precinct officers who run for another "office of profit or trust under the laws of this State or the United States" more than a year before the expiration of their current term of office automatically resign from office. *See* TEX. CONST. art. XVI, § 65(b). It applies to "Judges of the County Courts at Law," *id.* art. XVI, § 65(a), and its automatic resignation provision is triggered by a candidacy for the office of district court judge, *see* Tex. Att'y Gen. Op. No. DM-377 (1996) (county court at law judge who announced candidacy for district court judgeship automatically resigned by operation of article XVI, section 65). You inform us that the county court at law judge at issue has more than a year remaining in his term. *See* Request Letter. Therefore, article XVI, section 65 will affect the county court at law judge you describe if seeking a political party's executive committee nomination to be the party's candidate for a new office in a general election triggers article XVI, section 65's automatic resignation provision.

For purposes of this issue, the operative language of article XVI, section 65 provides as follows:

> If any of the officers named herein *shall announce their candidacy, or shall in fact become a candidate, in any General, Special or Primary Election*, for any office of profit or trust under the laws of this State or the United States other than the office then held, at any time when the unexpired term of the office then held shall exceed one (1) year, *such announcement or such candidacy shall constitute an automatic resignation of the office then held*, and the vacancy thereby created shall be filled pursuant to law in the same manner as other vacancies for such office are filled.

TEX. CONST. art. XVI, § 65(b) (emphasis added).

Attorney general opinions indicate that an officer announces his or her candidacy for office for purposes of this constitutional provision by making a written or oral statement "[i]f a reasonable person may conclude from the statement that the individual intends, without qualification, to run for the office in question." Tex. Att'y Gen. LO-95-071, at 2. Under these opinions, a person who has merely stated that he or she will "seriously consider running" for an office if the incumbent resigns has not announced his or her candidacy. *See id.* By contrast, a person who states without qualification in a public meeting or press release that he or she will run for a particular office has announced his or her candidacy for purposes of article XVI, section 65. *See* Tex. Att'y Gen. Op. Nos. DM-377 (1996) (county court at law judge's statement at a commissioners court meeting that he was "at that moment" a candidate for a judgeship constituted an announcement for purposes of article XVI, section 65); WW-1253 (1962) (justice of the peace's issuance of press release stating that he would be a candidate for another office constituted an announcement for purposes of article XVI, section 65).

Opinions of this office are less clear about how one "in fact become[s] a candidate" for purposes of article XVI, section 65. One opinion suggests in dicta that an officer does not "in fact become a candidate" until he or she "actually completes the filing requirements for the office." Tex. Att'y Gen. LO-95-071, at 1-2 n.1. It also assumes "that one may 'announce his or her candidacy' without thereby becoming a 'candidate,' but that one may never 'become a candidate' without having, either previously or simultaneously, 'announce[d] his or her candidacy.'" *Id.* Another opinion suggests that an officer announces his or her candidacy for office by the act of applying with a political party to file for election to an office. *See* Tex. Att'y Gen. Op. No. JM-132 (1984) (concluding that officer who applied with a political party to file for election to a board of directors of a water district, an office for which he was ineligible, had announced his candidacy and that it was irrelevant to the effect of the announcement that he was ineligible to assume the second office).

These opinions conflate the act of announcing a candidacy with the act of applying for a place on the ballot, muddying what it means to "in fact become a candidate." Under these opinions it is not clear, for example, how far into the process of applying, filing, and qualifying for a place on the ballot one must go before triggering automatic resignation by becoming a candidate. We conclude that an officer "in fact become[s] a candidate" by the act of applying for a place on the ballot. Under the Election Code, a person who applies for a place on the ballot does so as a "candidate." TEX. ELEC. CODE ANN. § 141.031 (Vernon Supp. 2000) ("A candidate's application for a place on the ballot . . . must . . . ."); *see also id.* §§ 142.002 (Vernon 1986) (independent candidate must file an application complying with section 141.031), 143.005 (Vernon Supp. 2000) (requirements for application of candidate for city office), 144.003 (candidate for office of political subdivision other than county or city must make an application for a place on the ballot). Indeed, the application for most public offices must include a statement that the person, "being a candidate for" the particular office, will support and defend the constitution and laws of the United States and the State of Texas. *See id.* § 141.031(4)(K) (Vernon Supp. 2000). Thus, an officer "in fact becomes a candidate" by the act of applying for a place on the ballot; it is not relevant to article XVI, section 65 whether the officer is eligible to hold the second office or whether his or her name is actually placed on the ballot. Attorney General Opinion JM-132 (1984) and Letter Opinion 95-071 are modified to the extent their reasoning is inconsistent with this analysis.

We have located no court case or attorney general opinion addressing whether the act of seeking a political party's executive committee's nomination to be the party's candidate in a general election triggers the constitutional automatic resignation provision. Thus, the issue you raise appears to be a question of first impression. The Texas Supreme Court construes constitutional and statutory provisions relating to eligibility for office narrowly: "Any constitutional or statutory provision which restricts the right to hold office must be strictly construed against ineligibility." *Wentworth v. Meyer*, 839 S.W.2d 766, 767 (Tex. 1992) (citing *Brown v. Meyer*, 787 S.W.2d 42 (Tex.1990)). Construing the article XVI, section 65 automatic resignation provision narrowly in accordance with this rule of construction and prior attorney general opinions, we conclude that an officeholder who merely seeks a political party's executive committee's nomination to be the party's candidate in a general election does not automatically resign.

We conclude that the mere act of seeking a party's executive committee's nomination does not constitute an announcement of a candidacy for office in a general, special, or primary election within the meaning of article XVI, section 65. When a person seeks a political party's nomination to be the party's candidate in the general election, the person's candidacy for office in the general election is entirely contingent on obtaining the executive committee's nomination. Therefore, we do not believe that a reasonable person may conclude from the fact that an officeholder seeks his or her party's executive committee's nomination to be the party's general election candidate that the officeholder intends, without qualification, to run for the office in question in the general election. *See* Tex. Att'y Gen. LO-95-071.

We further conclude that a person does not "in fact become a candidate" by the mere act of seeking his or her political party's executive committee nomination. The Election Code does not provide any formal mechanism for a person to declare his or her interest in an executive committee's nomination, and an executive committee is not limited in making a nomination to persons who have expressed an interest in the nomination. *See* TEX. ELEC. CODE ANN. chs. 145, 202 (Vernon 1986 & Supp. 2000). The general election candidacy of a person who seeks such a nomination is entirely contingent upon receiving a favorable vote of the majority of the executive committee, *see id.* § 145.036(d) (Vernon Supp. 2000), and having the chair of the executive committee "certify in writing the nominee's name for placement on the ballot," *id.* § 145.037(a). Thus, a person who merely seeks his or her party's executive committee's nomination to be the party's candidate in the general election does not "in fact become a candidate[] in any General, Special or Primary Election" for purposes of article XVI, section 65.

We acknowledge that this is a close question. Clearly, a person who has expressed interest in being his or her party's nominee in the general election has expressed interest in becoming a candidate. Given the contingencies involved, however, we cannot conclude that such an expression of interest constitutes an announcement of candidacy for purposes of article XVI, section 65. *See* discussion *supra*. Furthermore, although such a person has put his name in the running to become a candidate, he is not yet a candidate. Activity indicating interest in an office that falls short of announcing a candidacy or becoming a candidate in an election does not trigger the resign-to-run provision. *See* Tex. Att'y Gen. LO-96-107 (article XVI, section 65 automatic resignation provision only triggered by candidacy in an election; it is not triggered by act of seeking gubernatorial nomination). In addition, although one could argue that seeking a political party's executive committee's nomination is the functional equivalent of becoming a candidate in a primary election and that therefore the automatic resignation provision should be construed to apply to such conduct, we believe that this broad reading of the phrase "in fact become a candidate[] in any General, Special or Primary Election" would be contrary to the rule of strict construction. *See Wentworth*, 839 S.W.2d at 767.

Finally, you express concern that section 251.001 of the Election Code, which defines the term "candidate" as a person who "takes affirmative action for the purpose of gaining nomination or election to public office," includes as an example of affirmative action "the seeking of the nomination of an executive committee of a political party to fill a vacancy." TEX. ELEC. CODE ANN.

§ 251.001(1)(H) (Vernon Supp. 2000). Your brief states that this provision is unconstitutional because "it is an attempt by the legislature to define the terms of [article XVI, section 65] and violates the separation of powers doctrine as an encroachment on the judiciary's power to interpret the State's Constitution." Brief from Honorable Tom O'Connell, Collin County Criminal District Attorney, to Honorable John Cornyn, Texas Attorney General (Feb. 16, 2000) (on file with Opinion Committee). We believe this concern is misplaced.

Section 251.001 defines the term "candidate" for purposes of title 15 of the Election Code, which governs campaign contributions and expenditures, reporting requirements, and campaign advertising. It is within the legislature's prerogative to define the term "candidate" broadly for these purposes. While some of the affirmative actions listed in section 251.001 may be very relevant to whether a person has announced a candidacy for office or become a candidate in fact within the meaning of article XVI, section 65, there is no indication in the statute that the legislature intended the section 251.001(1)(H) definition of "candidate" to define the term for purposes of article XVI, section 65. *Compare* TEX. ELEC. CODE ANN. § 251.001(1)(H) (Vernon Supp. 2000), *with id.* § 251.001(1)(A) (including as an affirmative action indicating person is a candidate "the filing of a campaign treasurer appointment, except that the filing does not constitute candidacy or an announcement of candidacy for purposes of the automatic resignation provisions of Article XVI, Section 65, or Article XI, Section 11, of the Texas Constitution"). Thus, we do not believe that the statutory provision controls the meaning of candidate for purposes of the constitutional provision. Furthermore, as section 251.001(1)(H) is not dispositive, we need not address whether a statute purporting to define the constitutional term is within the legislature's authority.

In sum, a person who merely seeks a political party's executive committee's nomination to be the party's candidate for a new office in a general election does not trigger the automatic resignation provisions of article XVI, section 65 of the Texas Constitution. Accordingly, it does not appear that the county court at law judge you describe would automatically resign from his current office merely by seeking such a nomination.

## S U M M A R Y

A person who merely seeks a political party's executive committee's nomination to be the party's candidate for a new office in a general election does not announce his or her candidacy or become a candidate in fact in a general, special, or primary election within the meaning of article XVI, section 65 of the Texas Constitution and therefore does not trigger the constitutional provision's automatic resignation provision.  Attorney General Opinion JM-132 (1984) and Letter Opinion 95-071 are modified.

Yours very truly,

JOHN CORNYN
Attorney General of Texas


ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee